UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERTO WOODCOCK, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. H-11-1199 |
| § | |
| CHASE HOME FINANCE, LLC, § | |
| § | |
| Defendant. § | |

**OPINION AND ORDER**

Pending before the Court is Defendant Chase Home Finance, LLC's ("Chase") motion to dismiss Plaintiffs' original complaint. Doc. 4. Plaintiffs Roberto Woodcock and Carmenza Maldonaldo filed their original petition in the State District Court for the 506th Judicial District of Waller County, Texas, No. 11-03-20807. In that petition, Plaintiffs asserted claims of breach of contract, unjust enrichment, and violations of the Texas Finance Code and Texas Deceptive Trade Practices Act. Doc. 1-1.  Defendant removed the case to this Court and filed the pending motion to dismiss under Rule 12(b)(6) on the grounds that Plaintiffs' original petition "asserts no viable cause of action or cognizable claim by which Plaintiffs may be entitled to relief." Doc. 4 at 2.

Having considered the pending motion and Plaintiff's response thereto, the Court finds that Defendant's motion should be granted in part and denied in part, but grants Plaintiffs leave to amend their original petition.

Background

This case arises out of Defendant's allegedly attempted wrongful foreclosure of Plaintiffs' property in Hempstead, Texas. Doc. 1-1 at 9.[1]  Although Plaintiffs' petition does not

---

[1] Page numbers to Doc. 1-1 refer to the page numbers given by the District Court Case Management /Electronic

explicitly state as much, the exhibits attached to Plaintiffs' petition and incorporated by reference indicate that Plaintiffs obtained a mortgage from Washington Mutual Bank to purchase the property. Doc. 1-1, at 16. The Court takes judicial notice of the fact that the assets of Washington Mutual Bank have subsequently been acquired by Chase or its parent, subsidiary, or sister company. The Court presumes that after some time, Plaintiffs experienced or were soon going to experience difficulty meeting their monthly mortgage payments. Plaintiffs allege that on September 1, 2008, they entered into a loan modification agreement with Washington Mutual Bank by which Plaintiffs "agreed to make monthly mortgage payments at 10.500% per annum on a modified principal balance of $413,346.99." Doc. 1-1 at 9.

Plaintiffs allege that they began making timely monthly payments of $3,696.79 and that they did not miss any payments. *Id.* at 10. Nevertheless, Plaintiffs claim, "sometime in 2010, Defendant sent default notices to Plaintiffs alleging that they were in default of their loan." *Id.* In response, Plaintiffs "wrote several letters to Defendant seeking an explanation," but Defendant "failed to provide any explanation for the alleged default and could not account for the monthly payments that Plaintiff made to Defendant." *Id.* Chase returned Plaintiffs' checks for January and February 2011 "alleging a failure to cure default." *Id.*

Plaintiffs state that they "attempted to explain and advise Defendant that they had made every payment and demanded an accounting of all funds paid," but "Defendant could not provide an accurate accounting for all the funds Plaintiff paid and has admitted that it does not have copies of all Plaintiffs' checks that . . . [Defendant] accepted." *Id.* Despite Plaintiffs' explanations and demands, "[o]n or about March 13, 2011, Defendant sent out a Notice of

---

Case Filing (DCCM/ECF) program, upon docketing, found at the top of each page.

On March 25, 2011, while the case was pending in state court, the plaintiff's obtained a temporary restraining order that enjoined the foreclosure sale scheduled for April 5, 2011. Doc. 1.1, at 59-61

Trustee Sale seeking to foreclose on Plaintiff's [sic] real property on April 15, 2011 at 10:00 a.m." *Id.*

Plaintiffs filed suit in state court on March 25, 2011. Doc. 1-1. Chase removed the case to this Court on April 4 (Doc. 1) and filed the pending motion to dismiss on April 8. Doc. 4.

Legal Standard

Rule 12(b)(6) requires dismissal of a case if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b) (6).  In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

To withstand a Rule 12(b)(6) dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir. 2008). Under Rule 8(a)(2), plaintiffs are not required to include "'detailed factual allegations,' but more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation' is needed." *Id.* (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly,* 550 U.S. at 556.

Analysis

Chase moves to dismiss Plaintiffs' original petition in its entirety on the grounds that it "is devoid of factual allegations supporting specific causes of action upon which relief may be granted." Doc. 4 at 4. Four months after Chase submitted its motion to dismiss and without seeking leave of the Court to file after the motion deadline, Plaintiffs responded to Chase's motion to dismiss and asserted that they had "pled sufficient facts in their verified original petition, along with an affidavit and supporting evidentiary documents, to state a legally cognizable claim that is plausible." Doc. 11 at 5.

Plaintiffs' Claim for Breach of Contract

In Texas, "[t]he essential elements of a breach of contract action are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Acad. of Skills & Knowledge v. Charter Sch., USA*, 260 S.W.3d 529, 536 (Tex. App.–Tyler 2008). In their original petition, Plaintiffs identified a September 8, 2008 modification agreement between themselves and Chase and attached and incorporated by reference that modification agreement to their original petition. Doc. 1-1 at 9, 19. Plaintiffs also alleged they performed under the modification by sending checks in the amount $3696.78 every month and attached and incorporated by reference copies and payment receipts with their original petition. *Id.* at 10, 28-49. Plaintiffs further allege that Chase breached the modification by informing Plaintiffs that they were in default on their loan and subsequently seeking foreclosure of Plaintiff's property. *Id.* at 10. Plaintiffs further assert that they were damaged thereby when Chase attempted to foreclose on their property. *Id.*

Chase contends that Plaintiffs' exhibits to their state court petition, incorporated by reference, constitute "a proposed modification agreement, only signed by Plaintiffs and not fully executed by all parties." Chase further contends that Plaintiffs' incorporated documents show Plaintiffs made only "sporadic payments." Doc. 4 at 5. Chase argues that even if the Plaintiffs can show a valid modification agreement, the failure to make monthly payments on a timely basis reflects not Chase's breach, but the Plaintiffs' breach of contract. *Id*. Plaintiffs' ambiguous allegations fail to allege a breach of contract, and they will be ordered to re-plead this cause of action.

<u>Plaintiffs' Claim for Unjust Enrichment</u>

Chase argues that Plaintiff's unjust enrichment claim should be dismissed as "Plaintiffs cannot recover for *quantum meruit* where a valid express contract exists." Doc. 4 at 5. *In re Kellogg Brown & Root Inc.*, 166 S.W.3d 732, 740 (Tex. 2005). Nevertheless, "[a] party to a contract may . . . seek alternative relief under both contract and quasi-contract theories." *Id.* The Texas Supreme Court has held "Recognizing that *quantum meruit* is founded on unjust enrichment, this court set out the elements of a *quantum meruit* claim in *Bashara v. Baptist Memorial Hospital System*, 685 S.W. 2d 307, 310 (Tex. 1985)." The elements of *quantum meruit* that a claimant must prove are:

> 1) valuable services were rendered or materials furnished;
> 2) for the person sought to be charged;
> 3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him;
> 4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expected to be paid by the person sought to be charged.

*Id*.  (quoting *City of Ingleside v. Stewart*, 554 S.W. 2d 939, 943 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e)).

Plaintiffs' one sentence conclusory allegations do not plead a cause of action for unjust enrichment. Plaintiffs will be ordered to re-plead their alternative claim for unjust enrichment.

Plaintiffs Claims Under the Texas Finance Code

Chase asserts that Plaintiffs' claims under the Texas Finance Code are conclusory and that Plaintiffs do not state a claim for which relief can be granted. Doc. 4 at 6. In their original petition, Plaintiffs asserted that

> Defendant is seeking to foreclose on Plaintiffs' farm based on an incorrect amount that violates Section 392.304 of the Texas Finance Code. Specifically Defendant is misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding.

Doc.1-1 p.11.

Section 392.304 of the Finance Code prohibits "fraudulent, deceptive, or misleading representations" in debt collection practices. "In allegations alleging fraud . . . a party must state with particularity the circumstances constituting fraud or mistake." Rule 9(b). "Because 'Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not,' it applies to statutory claims based on allegations of fraud." *Motten v. Chase Home Finance*, --- F.Supp.2d ----, 2011 WL 2566092 (S.D.Tex. 2011) (quoting *Lone Star Ladies Inv. Club v. Schlotzsky's, Inc.*, 238 F.3d 363, 368 (5th Cir.2001)).

Here, because Plaintiffs allege Chase misrepresented the "character, extent, or amount of . . . [Plaintiffs'] consumer debt," they must plead with sufficient specificity to satisfy Rule 9(b). Rule 9(b)'s particularity requirement compels that "the who, what, when, where, and how [ ] be laid out." *Benchmark Elec., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003). Plaintiffs have not identified the specific communications that they allege to be misrepresentations nor the nature of those alleged misrepresentations. For this reason, their claim

under the Texas Finance Code must be re-pled to satisfy the specificity requirements of Rule 9(b).

### Plaintiffs' Claims Under the DTPA

"To maintain a DTPA cause of action, the claimant must establish that (1) he or she is a consumer of the defendant's goods or services; (2) the defendant committed a false, misleading, or deceptive act in connection with the lease or sale of goods or services, breached an express or implied warranty, or engaged in an unconscionable action or course of action; and (3) such actions were the producing cause of the claimant's actual damages." *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 159 (Tex.App.-Ft. Worth, 2007) (citing, *inter alia*, Tex. Bus. & Com. Code §17.50(a)). Numerous courts repeatedly have found that "a person cannot qualify as a consumer [for purposes of the DTPA] if the underlying transaction is a pure loan because money is considered neither a good nor service." *Fix*, 242 S.W.3d at 160. "This general rule also applies to borrowers who assert DTPA claims against mortgage servicers." *Bejjani v. Wilmington Trust Co.*, 2011 WL 3667569 (S.D.Tex. 2011) (citing *White v. Mellon Mortgage Co.*, 995 S.W.2d 795, 801 (Tex.App.-Tyler 1999)).

Because Plaintiffs cannot state a claim as a consumer under the DTPA and because any attempt to amend their complaint would be futile, their DTPA claims against Chase are dismissed with prejudice.

### Plaintiffs Claims for Injunctive Relief

Chase argues that "[b]ecause Plaintiffs cannot prevail on any other claim against Defendant, Plaintiffs' request for injunctive relief must be dismissed. . . . Under Texas law, a request for injunctive relief, absent a cause of action supporting entry of a judgment, is fatally defective and does not state a claim." Doc. 4 at 7. Because the Court is ordering Plaintiffs to re-

plead their surviving claims, it has determined that Chase's motion to dismiss Plaintiffs' request for injunctive relief should also be re-pled.

Conclusion

For the foregoing reasons, the Court hereby

**ORDERS** that Defendant Chase Home Finance, LLC's motion to dismiss (Doc. 4), with respect to Plaintiffs' claims for breach of contract, unjust enrichment, and injunctive relief and claims pursuant to the Texas Finance Code,  is **DENIED WITHOUT PREJUDICE**

Plaintiffs are **ORDERED** to amend their petition to re-plead their causes of action in a Complaint that satisfies Rule 8, Rule 9, and Rule 12 of the Federal Rules of Civil Procedure within twenty days of the date of the entry of this order.  Chase may at that point re-urge its Motion to Dismiss for failure to state a claim.

Chase's motion to dismiss Plaintiffs' claims pursuant to the Texas Deceptive Trade Practices Act is  **GRANTED.**   Those claims are hereby **DISMISSED.**

SIGNED at Houston, Texas, this 3rd day of February, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE