UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERTO WOODCOCK, *et al*, | § | |
| | § | |
|     Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-1199 |
| | § | |
| CHASE HOME FINANCE, LLC, | § | |
| | § | |
|     Defendant. | § | |

## OPINION AND ORDER

Pending before the Court is the Motion for Summary Judgment (Doc. 24) filed by Defendant JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance, LLC ("Defendant") against all claims made by Roberto Woodcock and Carmenza Maldonaldo ("Plaintiffs"). Having considered the motion, the summary judgment evidence, and the applicable law, the Court concludes that the motion should be granted.

### I.  Background

On April 25, 2005, Plaintiffs executed a promissory note (the "Note," Doc. 24-4) for $380,000.00 payable to Long Beach Mortgage Company to finance the purchase of real property (the "Property") located at 24600 Nine Bar Road, Hempstead, Texas 77445. To secure payment of the Note, Plaintiffs also executed a deed of trust (the "Deed") encumbering the Property. Defendant is the current mortgage servicer of the Note and Deed for the mortgagee. (Buelna Decl. ¶ 6, Doc. 24-3).

In 2008, Plaintiffs failed to make at least one payment due under the Note (Pls.' Admis. 63, 66, Doc. 24-11); thereafter, they entered talks with Defendant regarding a loan modification. On August 1, 2008, Defendant sent Plaintiffs a letter (Doc. 24-6) with the proposed loan

modification agreement (Doc. 24-7). The letter stated:

> The Agreement will not be binding or effective until is [sic] has been signed by both you and the lender in compliance with the instructions and conditions in this letter.
>
> . . . .
>
> Failure to comply with the requirements and conditions within the specified time period may result in the resumption of normal collection and foreclosure efforts, without further notice.
>
> Upon the Agreement becoming binding and effective, the principal and interest amount of your monthly payments will be **$3,696.78**. Your first payment including taxes and insurance (if applicable) is due **OCTOBER 1, 2008**, the total payment amount is **$4,577.07**. This payment is subject to change upon escrow analysis, if applicable.

(Doc. 24-6 at 20-21). Here there arises a factual dispute. Defendants claim that Plaintiffs' first modification payment was not received by October 1, 2008, as required by the terms of the agreement, and that they later defaulted on the Note, (Doc. 24-3 ¶¶ 9-10), but Plaintiffs deny making any late payments after agreeing to the modification, (Doc. 24-11 at 63, 66). Notwithstanding this dispute, the parties agree that Defendant sent, and Plaintiffs received, a "Notice of Intent to Accelerate and Demand for Payment," dated May 28, 2010 (Doc. 24-8), and a notice of acceleration and notice of the April 15, 2011 foreclosure sale. (Doc. 24-11 at 64, 67). Because of this lawsuit, the foreclosure sale did not occur as scheduled. (Doc. 24-3 ¶ 12).

On March 25, 2011, Plaintiffs filed this case in state district court to prevent foreclosure of the Property. (Compl., Doc. 1-1). Defendants removed the case to this Court and filed a motion to dismiss for failure to state a claim (Doc. 4), and, after that motion was granted in part and denied in part, (Op. & Order, Feb. 3, 2012, Doc. 15), Plaintiffs filed an amended complaint (Doc. 16). Therein Plaintiffs asserted two claims arising out of the 2008 loan modification agreement; one for breach of contract, another for violations of § 392.304 of the Texas Finance Code. On May 1, 2012, Defendant filed its motion for summary judgment. Plaintiffs have not

filed a response.

## II.     Legal Standard

Summary judgment is mandated if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of identifying evidence that no genuine issue of material fact exists, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), and the court must view this evidence and all inferences drawn therefrom in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The substantive law governing the claims determines the elements essential to the outcome of the case and thus determines which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over such a fact is genuine if the evidence presents an issue "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Id.* at 250.

## III.    Discussion

Under Local Rule 7.3, Plaintiffs had 21 days to file a response in opposition. Ten months have passed without any such filing. According to Local Rule 7.4, such failure to respond is taken as a representation of no opposition. Still, Defendant must meet its burden of identifying evidence that no genuine issue of material fact exists. Defendant can meet that burden by pointing to the absence of evidence supporting an essential element of Plaintiffs' case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

### A.     Breach of Contract

Under Texas law, four elements are necessary for a breach of contract claim: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of

the breach. *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007). There are two possibilities with regard to the existence of a valid contract. First, there is the Note and Deed, which both parties agree were valid as of their execution on April 25, 2005; second, the loan modification agreement, which would have become valid and superseded the original agreement upon its signing by both parties. Because Plaintiffs admit that they failed to perform under the original agreement, their claim must rely on the validity of the second. Assuming its validity, itself a dubious proposition, the evidentiary problem they face in such a reliance is their inability to prove that they "compl[ied] with the requirements and conditions [of the modification] within the specified time period." (Doc. 24-6 at 21). Although Plaintiffs offered copies of a series of cashier's checks as proof of payment, (Doc. 24-9; Doc. 24-10 at 41-50), the existence of the checks alone is insufficient to show that Plaintiffs complied with the terms of the loan modification agreement in a timely fashion. In fact, the last cashier's check for which Plaintiffs provide a copy is dated April 7, 2010 (Doc. 24-10 at 50), which does nothing to defeat the validity of a scheduled foreclosure sale in April 2011. Absent proof of payment, it cannot be said that Defendant was wrong in its "resumption of normal collection and foreclosure efforts." (Doc. 24-6 at 21). Moreover, since such proof is necessary to support a claim for breach of contract, its absence entitles Defendant to summary judgment on that claim.

  B.  *Texas Finance Code*

  Section 392.304 of the Texas Finance Code states that "in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs" any of the enumerated practices. Though Plaintiffs do not state the specific subsection under which they bring their claim, they make their general allegation as follows: "From October through December 2010, Defendant sent default notices

and notices of intent to foreclose to Plaintiffs based on a capitalization amount that should have been rolled into the unpaid balance as part of the modification agreement and not as an escrow deficiency." (Doc. 16 ¶ 20). As above, Plaintiffs neglect to offer any evidence supporting this claim. Defendants, on the other hand, have filed copies of the written Note, Deed, loan modification letter, and proposed loan modification agreement, each of which must be treated as containing its complete terms within its four corners. *See* Tex. Bus. & Com. Code § 26.02(d) ("[A loan agreement] may not be varied by any oral agreements or discussions that occur before or contemporaneously with the execution of the agreement." (footnote omitted)). As a result, Defendant satisfies its burden of showing the lack of a genuine dispute and is entitled to summary judgment on this claim.

## IV.  Conclusion

For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion for Summary Judgment (Doc. 24) is GRANTED and all claims DISMISSED; it is further

ORDERED that Plaintiffs' Motion Requesting Referral to Mediation (Doc. 29) is DENIED as moot.

SIGNED at Houston, Texas, this 14th day of March, 2013.

*[signature]*
MELINDA HARMON
UNITED STATES DISTRICT JUDGE